In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 20-1373

MARZIE BASTANI, also known as MARZIEH BASTANIPOUR,

*Debtor-Appellant*,

*v.*

WELLS FARGO BANK, N.A.,

*Creditor-Appellee*.

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19 C 6513 — **Edmond E. Chang**, *Judge*.

———————————

SUBMITTED MAY 27, 2020 — DECIDED JUNE 8, 2020

———————————

Before EASTERBROOK, SYKES, and ST. EVE, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. After filing a petition under Chapter 13 of the Bankruptcy Code, Marzie Bastani asked the judge to stay a foreclosure proceeding pending in state court. The judge's aid was essential, because Bastani's previous bankruptcy had been dismissed less than a year earlier, and 11 U.S.C. §362(c)(3)(C)(i)(II) treats this timing as creating a presumption that the new filing is not in good faith. This

means that the automatic stay ends 30 days after the new proceeding begins. 11 U.S.C. §362(c)(3)(B).

That 30-day window gives the debtor time to ask for judicial relief, but Bastani's request for a further stay of foreclosure was denied by a bankruptcy judge and then by a district judge. Her appeal asks us to block the ongoing state proceedings.

An antecedent issue requires attention, however. Bastani did not pay the filing fee for an appeal but sought leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Wells Fargo Bank, her mortgage lender, opposes that motion, contending that 28 U.S.C. §1930 forbids IFP status in Chapter 13 appeals.

Section 1930(a) specifies fees for filing bankruptcy cases. Fees to commence the case must be paid, cf. *United States v. Kras*, 409 U.S. 434 (1973), and §1930(f)(1) limits the circumstances under which appellate fees may be excused for Chapter 7 debtors. Wells Fargo contends that, by not mentioning Chapter 13, §1930(f) implicitly requires all appellate fees to be prepaid in full. Yet courts do not treat one statute as repealing another by silence. All §1930(f) has to say about appellate filing fees in Chapter 13 is—nothing. That leaves §1915 in place.

Still, Bastani has a problem. Chapter 13 is designed for people who can pay most if not all of their debts. See Douglas G. Baird, *Elements of Bankruptcy* chapter 2 (6th ed. 2014). As the heading to the Chapter provides, it covers "adjustment of debts of an individual with regular income". To qualify for relief under Chapter 13, a person must have an income that enables her to pay most debts within five years and still have something left for living expenses.

It is hard to see how someone eligible for relief under Chapter 13 could be unable to pay filing fees. To put this differently, a person who tells the bankruptcy court that she qualifies under Chapter 13 cannot persuade a court of appeals that she lacks money for judicial fees. This leads us to conclude that debtors in Chapter 13 cases cannot proceed on appeal *in forma pauperis* under §1915, in the absence of extraordinary circumstances that we do not foresee.

Bastani's application in this court suggests a different problem: that the Chapter 13 filing was not just in presumptive bad faith under §362(c)(3)(C)(i)(II) but in actual bad faith. For although she told the bankruptcy court that she qualifies under Chapter 13, she has told us that she is destitute. She filed an affidavit declaring that she did not receive more than $200 in total income during the last 12 months. What's more, the affidavit states that she does not own personal property worth $1,000 or more and does not own any real property. It is hard to take that seriously, when her goal is to block proceedings to foreclose on her home. If she lacks income, how could the Chapter 13 filing be in good faith? If she lacks real estate, why did she ask the bankruptcy judge, the district judge, and now us, to stay a foreclosure proceeding? She is talking out of both sides of her mouth, and we will not be bamboozled.

Someone without income may seek relief under Chapter 7. Petitioners under Chapter 7 must surrender their nonexempt assets and be content with the fresh start provided by the discharge of their debts. By trying to achieve a principal benefit of Chapter 13 (keeping her home) without the detriment (paying her debts), Bastani has demonstrated that she is not entitled to the relief she seeks.

The motion for leave to proceed on appeal *in forma pauperis* is denied, and the decision of the district court is summarily affirmed.